# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSANDRA BYERS<br>101 East Main Street Apt 1<br>Youngsville, PA 16371 | :<br>:<br>:<br>: | |
| Plaintiff, | :<br>: | |
| v. | :<br>: | JURY DEMANDED     20-322<br>CASE NO. |
| WALMART, INC;<br>WALMART HEADQUARTERS<br>702 S.W. 8th Street<br>Bentonville, AK 72716 | :<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

### I. PARTIES AND JURISDICTION.

1. Plaintiff, Cassandra Byers (hereinafter "Plaintiff" or "Byers"), is an adult individual residing at the above address.

2. Defendant, Walmart, Inc., (hereinafter "Defendant" or "Wal-Mart, Inc.") is an Arkansas corporation doing business in the Commonwealth of Pennsylvania.

3. At all times relevant, Defendant employed Plaintiff at their 2901 Market Street, Warren, Pennsylvania 16365 location and qualified as Plaintiff's employer under the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Family Medical Leave Act ("FMLA").

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and

correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission and Exhibit "B," a true and correct copy of a closure letter from the Pennsylvania Human Relations Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act, the Family Medical Leave Act, and applicable federal law and state law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions and/or omissions by Defendant set forth herein.

## II. OPERATIVE FACTS.

9. On or about July 25, 2017, Defendant was hired Plaintiff as an Apparel Associate and she eventually became a Cashier/ Self-Checkout Host, then Customer Host for Wal-Mart's Warren, Pennsylvania facility.

10. At the time of her hire, Plaintiff informed Defendant that she had a heart condition known as Hypertrophic Cardiomyopathy which requires that at times, as needed, Plaintiff may experience episodes of fatigue and accompanying anxiety that requires brief rest periods.

11. These rest periods consisted of de minimus rest periods easily accommodated and presented Defendant with no undue hardship. When she changed to the Cashier / Self-Checkout Host position, she discussed the need for the rest periods with Aaron Burdick. She also discussed

these with Store Manager, Ashlee Bussard, and other management personnel, including Amanda Ongley and Joey Culp in early 2017.

12. On January 16, 2020, after a considerable time, utilizing the approved breaks, and after no issues since commencing employment with these short breaks, Plaintiff was ordered to the office and confronted by Store Manager, Alana Kinner and Assistant Store Manager, Josh Blystone, and told: "we have to fire you because of your health condition because it is disrupting customers and costing the company money".

13. Kinner knew or should have known of Plaintiff's condition and need for accommodations for at least a year. Blystone knew or should have known of Plaintiff's condition and need for accommodations when he took over his duty in September 2019.

14. Blystone escorted Plaintiff out of the building in front of other employees.

15. The outrageous nature of her abrupt and unjustified termination as well as the scurrilous treatment in front of other employees and customers has caused Plaintiff extraordinary emotional distress and embarrassment and will be deemed by any reasonable juror as unnecessary and outrageous.

### III. CAUSE OF ACTION

#### COUNT I
#### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
#### DISCRIMINATION
#### (42 .S.C.A. § 12101 *et seq*.)
#### (43

16. Plaintiff incorporates paragraphs 1-34 as if fully set forth at length herein.

17. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not discriminate against an employee based on a disability.

18. As a result of her medical condition, Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

19. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

20. At all times material hereto, Plaintiff had a qualified disability, as described above.

21. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

22. Defendant failed to engage in an interactive discussion of Plaintiff's disability and failed to reasonably accommodate her disability.

23. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

24. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

25. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

26. Plaintiff demands attorneys' fees and court costs.

### COUNT II
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
### (42 U.S.C.A. § 12101 *et seq*.)

27. Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

28. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not retaliate against an employee based upon her exercising her rights under the Americans with Disabilities Act.

29. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

31. As set forth above, Plaintiff engaged in protected activity when she requested continued accommodations previously provided for her qualified disability.

32. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

33. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

34. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

35. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

36. Plaintiff demands attorneys' fees and court costs.

### COUNT III
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
### DISCRIMINATION
### (43 P.S. § 951, *et seq*.)

37. Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

38. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., an employer may discriminate against an employee as a result of that employee's disability.

39. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

40. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

41. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et seq*.)

45. Plaintiff incorporates paragraphs 1-62 as if fully set forth at length herein.

46. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, an employer may not retaliate against an employee as a result of that employee engaging in protected activity due to that employee's disability.

47. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

48. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

49. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of him engaging in protected activity by requesting continued accommodations for her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

50. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

51. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

52. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Plaintiff demands attorney's fees and court costs.

### COUNT V
### VIOLATION OF FMLA
### RETALIATION
### (29 U.S.C. §2601 *et seq.*)

53. Plaintiff incorporates paragraphs 1-70 as if fully set forth at length herein.

54. Plaintiff in the past had been the recipient of family medical leave due to her heart condition and another leave due to anxiety condition and plaintiff was, and would be entitled to and qualified for future Medical Leave pursuant to the FMLA, 29 U.S.C. §2601, *et seq.*

55. Defendant's motivation in terminating Plaintiff's employment was partially based in part upon her past and any future need for family medical leave, in particular as it relates to her heart condition and constitutes interference with any potential medical leave which should be

considered discrimination and retaliation under the Family Medical Leave Act, FMLA, 29 U.S.C. §2601, et seq.

56. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

57. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

58. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq*. Plaintiff demands attorneys' fees and court costs.

### IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Cassandra Byers demands judgement is her favor and against Defendant, Wal-Mart, Inc. Mills Products in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, emotional distress, and pain and suffering;

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

DATE: <u>November 9, 2020</u>     **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**Robert H. Graff, Esquire** (P.A. ID 206233)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 267-546-0138
Telefax: 215-944-6124
Email: robertg@ericshore.com
*Attorney for Plaintiff, Cassandra Byers*

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

Oct 28, 2020

(Date Signed)

_Cassandra Byers_
Cassandra Byers (Oct 28, 2020 16:18 EDT)

Cassandra Byers